CROSS *v.* STATE OF INDIANA.

[No. 29,063. Filed October 5, 1953. Rehearing
denied November 3, 1953.]

*Henry R. Wilson* and *Howard R. Hooper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Deputy Attorney General, for appellee.

DRAPER, J.—The appellant was found guilty of assault and battery. His motion for new trial, which specified that the finding of the court was not sustained by sufficient evidence and was contrary to law, was overruled. This appeal followed.

The evidence on behalf of the state discloses that Joseph Scott, the prosecuting witness, was washing windows in the vestibule of the restaurant where he worked. He opened the door so that the appellant, who was a total stranger to him, could walk out, but the appellant pushed the door back in Scott's face and kept

pushing it. The appellant called Scott dirty names and invited him outside. Later Scott did go outside to wash the outside windows and the appellant, who was waiting there for him, beat him up. In the fracas the appellant put his fist through the glass in the door and Scott was cut by the broken glass. It took twelve stitches to repair the damage to Scott's face.

The appellant was arrested in the next block. His hand was bleeding severely and he told the officers that he and the two other boys with him had a fight with one of the workers in the restaurant. The officer who arrested him said he was not drunk enough to arrest him for being drunk.

It is appellant's theory that the evidence shows he was so drunk at the time that he did not know what he was doing, and therefore *intent* to touch Scott in a rude, insolent and angry manner, which appellant insists is an essential element of the offense, was lacking, and the appellant should have been acquitted.

The question appellant seeks to pose could only arise on this record if the evidence conclusively established the absence of intent due to drunkenness. It does not do so. It is true the appellant testified he had drunk much whisky and could not remember having an altercation with Scott, but he seems to have had no difficulty in remembering the other events of the evening. He testified that he went to the restaurant and he told who took him there and who went there with him. He testified that he saw Scott at the restaurant, and within minutes after he left the restaurant he told the officer what had transpired there.

We think the foregoing, together with the fact that the appellant invited Scott to come outside and waited for him to come out, plus the testimony of the officer who arrested him to the effect that he was not drunk enough to arrest for being drunk, would be sufficient

to convince any reasonable man that the appellant could have and did have the intent to touch, beat and strike Scott in a rude, insolent and angry manner.

The finding is supported by the evidence and is not contrary to law, and the judgment is, therefore affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 114 N. E. 2d 638.